IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-199-D
No. 5:12-CV-778-D

| | |
|---|---|
| RONNIE D. RAINEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On December 3, 2012, Ronnie D. Rainey ("Rainey") filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 62]. In his section 2255 motion, Rainey asks the court to vacate his conviction and sentence. See [D.E. 62] 13. Rainey asserts his actual innocence, ineffective assistance of counsel in violation of the Sixth Amendment, and prosecutorial misconduct. Id. 4–8, 21–63. On April 3, 2013, the government moved to dismiss Rainey's motion [D.E. 69]. On April 26, 2013, Rainey responded [D.E. 72]. As explained below, the court grants the government's motion to dismiss.

On June 17, 2010, Rainey was named in a one-count criminal information charging him with mail fraud, in violation of 18 U.S.C. § 1341 [D.E. 6]. On July 20, 2010, the government submitted a revised criminal information [D.E. 32]. On that same date, Rainey waived indictment and pleaded guilty, pursuant to a plea agreement, to the sole count of the revised information. On May 17, 2011, the court varied down and sentenced Rainey to 120 months' custody [D.E. 33, 37]. On May 25, 2011, Rainey filed a notice of appeal [D.E. 34]. On May 9, 2012, the Fourth Circuit found no meritorious issues for appeal and dismissed Rainey's appeal. See [D.E. 56, 57].

Rainey makes a number of arguments in support of his section 2255 motion. First, Rainey argues that he is actually innocent of his crime. [D.E. 62] 4. Second, Rainey asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment due to his trial counsel's advice to plead guilty, misrepresentation of Rainey's likely sentence, unfamiliarity with the case's facts, failure to object to evidence, and failure to introduce other evidence. Id. 5, 8, 14–18. He asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment due to his appellate counsel's unfamiliarity with the case's facts, refusal to file motions on his behalf, and failure to communicate. Id. 17, 20. Finally, Rainey asserts prosecutorial misconduct and argues that the prosecutor ignored evidence, withheld evidence, made false statements, and refused to take actions to reduce Rainey's sentence. Id. 7, 14–19.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the

2

motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

First, Rainey asserts a claim of actual innocence. This claim is barred by Rainey's plea agreement, see [D.E. 14] ¶ 2, and Rule 11 colloquy. See [D.E. 47] 15–16 (court finds Rainey competent), 24 (Rainey states that he is guilty of offense), 25–26 (court finds that plea was voluntary and supported by factual basis); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993); cf. United States v. Dungee, 228 F. App'x 298, 303 (4th Cir. 2007) (per curiam) (unpublished); United States v. Pickens, 201 F. App'x 143, 145 (4th Cir. 2006) (per curiam) (unpublished).

Alternatively, because Rainey did not seek to assert his claim of actual innocence on direct appeal, he is procedurally barred from doing so now. See Bousley v. United States, 523 U.S. 614, 621 (1998); Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); see also Scantlebury v. United States, Nos. 5:09-CR-254-D, 5:10-CV-590-D, 2012 WL 5364004, at *4 (E.D.N.C. Oct. 30, 2012) (unpublished). Moreover, Rainey has not plausibly alleged "that a miscarriage of justice [will] result from the refusal of the court to entertain the collateral attack." Mikalajunas, 186 F.3d at 493.

Alternatively, and in any event, Rainey has failed to plausibly allege his actual innocence. "To establish actual innocence, [a defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quotations omitted). When a defendant did not argue actual innocence on direct appeal, he may not do so in support of a section 2255 motion unless he can show by clear and convincing evidence that he is factually innocent of the offense for which he was convicted. See United States v.

3

Pettiford, 612 F.3d 270, 282 (4th Cir. 2010). "[T]his standard is not satisfied by a showing that a [defendant] is legally, but not factually, innocent." Id. (quotation omitted); see Bousley, 523 U.S. at 623 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). Rainey has not plausibly alleged his actual innocence. See, e.g., PSR ¶¶ 4–12, 14; cf. Anders Pro Se Brief at 18, United States v. Rainey, No. 11-4611 (4th Cir. Jan. 30, 2012) ("While I did not personally make use of the mail system to mislead members of Par 5, I was aware that the statements did not reflect the true financial picture of the LLC, and, thus, I am guilty of mail fraud."). Thus, Rainey's first argument fails.

In his pro se supplemental brief to the Fourth Circuit, Rainey argued that the government had breached its plea agreement with him, that his guilty plea was invalid, that his offense level was improperly calculated, and that his sentence was procedurally and substantively unreasonable. See Anders Pro Se Brief, United States v. Rainey, No. 11-4611 (4th Cir. Jan. 30, 2012). The Fourth Circuit rejected these contentions and affirmed Rainey's conviction and sentence. See United States v. Rainey, 480 F. App'x 215, 216 (4th Cir. 2012) (per curiam) (unpublished). Rainey's motion to vacate restates these arguments, previously rejected on direct appeal, in the guise of ineffective assistance of counsel and prosecutorial misconduct claims. See [D.E. 62] 5–8, 14–20. Rainey, however, has not identified any change in the law that warrants reconsideration of these arguments. Accordingly, he cannot relitigate these issues in his section 2255 motion. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Moreover, to the extent that Rainey attempts to raise claims he could have pressed on direct appeal but failed to do so, he has procedurally defaulted on these claims. "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). Rainey has not

4

plausibly alleged "cause and prejudice" or "actual innocence" to avoid this general rule. See, e.g., Bousley, 523 U.S. at 622–24 (1998); Pettiford, 612 F.3d at 280, 284.

To the extent that Rainey raises issues of ineffective assistance of counsel not procedurally barred, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

5

Rainey has failed to show that any alleged deficiencies in his trial counsel's performance prejudiced him. Given the evidence and possible charges against Rainey, counsel's advice to plead guilty was reasonable. See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); United States v. Dixon, 105 F. App'x 450, 452 (4th Cir. 2004) (per curiam) (unpublished). Further, a petitioner cannot mount a successful claim of ineffective assistance based on counsel's inaccurate prediction of the petitioner's likely sentence where the court corrects such misinformation at the Rule 11 hearing. See United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc). At Rainey's arraignment, in accordance with Federal Rule of Criminal Procedure 11, the court advised Rainey of the maximum potential penalties associated with his convictions, the consequences of pleading guilty, and the fact that Rainey's sentence would be determined by the court. See [D.E. 47] 16–24. The court's Rule 11 colloquy cured the potential prejudice of any misinformation from counsel. See Foster, 68 F.3d at 88; United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); Lambey, 974 F.2d at 1393–95. Moreover, in his plea agreement Rainey agreed that he understood the potential penalties for his crime and that his advisory Guideline range and sentence would be set by the court. See [D.E. 14] ¶¶ 3, 5.

Additionally, counsel's decisions regarding whether and how to object to evidence or introduce evidence were tactical decisions which are "virtually unchallengeable" in a claim for ineffective assistance. Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) (quotation omitted). Rainey has not identified any aspect of his case that his trial counsel overlooked that would have altered his conviction or sentence. The court is not required to accept Rainey's "unreasonable conclusion" regarding his attorney's allegedly deficient performance. See Giarratano, 521 F.3d 302. Thus, Rainey has failed to plausibly allege prejudice. See Strickland, 466 U.S. at 687.

6

As for Rainey's claims of ineffective assistance of appellate counsel, to prevail Rainey must show that counsel's representation was objectively unreasonable and that a reasonable probability exists that, but for counsel's error, Rainey would have prevailed on his appeal. See Smith v. Robbins, 528 U.S. 259, 285–86 (2000). Rainey asserts that appellate counsel was ineffective for failing to raise a number of issues on appeal. However, appellate counsel is not required to assert all issues, let alone meritless issues, on appeal. See, e.g., Robbins, 528 U.S. at 288; Smith, 477 U.S. at 535–36. Moreover, Rainey was afforded the opportunity to present his claims to the Fourth Circuit and did so. See Rainey, 480 F. App'x at 216. The Fourth Circuit considered these claims, reviewed the record, and rejected them. See id. at 216–17. Thus, Rainey was not prejudiced by counsel's failure to raise them. Furthermore, Rainey's claim that appellate counsel would not communicate with him is belied by his own account of communications with counsel. See [D.E. 62] 20, 52–54. The record similarly undermines Rainey's claim that appellate counsel was not familiar with his case. See Brief of Appellant, United States v. Rainey, No. 11-4611 (4th Cir. Dec. 29, 2011); Response to the Motion of the Appellant, United States v. Rainey, No. 11-4611 (4th Cir. Dec. 20, 2011) (responding to motion to terminate counsel). Thus, Rainey has failed to state a claim for ineffective assistance of his appellate counsel.

Finally, Rainey alleges prosecutorial misconduct. When considering a claim of prosecutorial conduct, the court must determine "whether the conduct so infected the [proceedings] with unfairness as to make the resulting [conviction and sentence] a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (quotation omitted). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's ... conduct [was] improper and, second, the defendant must show that such ... conduct prejudicially affected his substantial rights." Id.; see United States v. Caro, 597 F.3d 608, 624–25 (4th Cir. 2010),

7

cert. denied, 132 S. Ct. 996 (2012). Rainey's challenges to the factual support for his conviction, advisory Guideline calculation, and sentence have been considered and rejected on direct appeal. An issue previously decided on direct appeal may not be raised on collateral review. See Boeckenhaupt, 537 F.2d at 1183. Thus, the court rejects Rainey's attempt to recast these appellate claims as claims of prosecutorial misconduct. Moreover, Rainey has failed to plausibly allege that the prosecutor suppressed, tampered with, and fabricated evidence are unsupported. Furthermore, the Fourth Circuit already has held that the government did not breach its plea agreement with Rainey. See Rainey, 480 F. App'x at 216; cf. [D.E. 14]. Thus, Rainey's assertions of prosecutorial misconduct fail.

In sum, Rainey has not established his actual innocence, received representation consistent with the Sixth Amendment, and has not shown prosecutorial misconduct. Thus, the court GRANTS the government's motion to dismiss [D.E. 69], and DISMISSES Rainey's motion to vacate, set aside, or correct his sentence [D.E. 62]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This 10 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge

8