IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-199-D
No. 5:12-CV-778-D

| | | |
|---|---|---|
| RONNIE D. RAINEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On July 20, 2010, Ronnie D. Rainey ("Rainey") pleaded guilty, pursuant to a plea agreement [D.E. 14], to a one-count revised criminal information charging Rainey with mail fraud. See [D.E. 12, 32]; Arraignment Tr. [D.E. 47]. On May 17, 2011, the court varied down and sentenced Rainey to 120 months' imprisonment. See [D.E. 33, 37]; Sentencing Tr. [D.E. 48]. On May 9, 2012, the United States Court of Appeals for the Fourth Circuit dismissed Rainey's appeal. United States v. Rainey, 480 F. App'x 215 (4th Cir. 2012) (per curiam) (unpublished).

On December 3, 2012, Rainey filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 62]. On June 10, 2013, the court dismissed Rainey's motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 76]. On January 28, 2014, the Fourth Circuit declined to issue a certificate of appealability and dismissed Rainey's appeal. United States v. Rainey, 553 F. App'x 302 (4th Cir. 2014) (per curiam) (unpublished).

On June 13, 2014, Rainey filed a document asking the court to clarify its interpretation of the law applied at Rainey's sentencing [D.E. 88]. Rainey questions the loss calculation, the number of victims, and the advisory guideline range. Id. Rainey also continues to proclaim his actual innocence. See id.

To the extent that Rainey is seeking relief under Rule 60 of the Federal Rules of Civil Procedure, Rainey failed to obtain authorization from the Fourth Circuit before filing his latest motion. Thus, the court lacks jurisdiction to consider it. See 28 U.S.C. § 2244(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53, 157 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003); In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1995) (en banc).

Alternatively, if Rainey seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure and the court has jurisdiction, the court has reviewed the document and the record. Rainey has failed to meet the standard under Rule 59(e). See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995); Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). The court properly calculated the advisory guideline range, and Rainey is not actually innocent of mail fraud. Thus the motion is denied.

In sum, the motion [D.E. 88] is DISMISSED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This 8 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge

2

Case 5:10-cr-00199-D   Document 89   Filed 07/09/14   Page 2 of 2